EXHIBIT A

E-FILED
12/29/2021 9:33 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV392800
Reviewed By: R. Walker

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Joshua D. Boxer (SBN 226712)
Email: jboxer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff
FERNANDO CONRIQUEZ, individually
and on behalf of other persons similarly
situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| FERNANDO CONRIQUEZ, an individual, on behalf of himself and on behalf of other persons similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CUSHMAN & WAKEFIELD OF CALIFORNIA, INC.; a California corporation; INTUITIVE SURGICAL, INC., a California corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.: 21CV392800 <br><br> **CLASS ACTION COMPLAINT:** <br><br> 1. Failure to Provide Required Meal Periods; <br> 2. Failure to Provide Required Rest Periods; <br> 3. Failure to Pay Overtime Wages; <br> 4. Failure to Pay Minimum Wages; <br> 5. Failure to Pay All Wages Due to Discharged and Quitting Employees; <br> 6. Failure to Maintain Required Records; <br> 7. Failure to Furnish Accurate Itemized Wage Statements; <br> 8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties; <br> 9. Unfair and Unlawful Business Practices. <br><br> **REPRESENTATIVE ACTION:** <br><br> 10. Penalties under the Labor Code Private Attorneys General Act, as Representative Action <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff FERNANDO CONRIQUEZ ("PLAINTIFF"), an individual, demanding a jury trial, on behalf of himself and other persons similarly situated and aggrieved, hereby alleges as follows:

## INTRODUCTION

1. PLAINTIFF brings this action on behalf of himself and all other similarly-situated current and former non-exempt employees of Defendants, CUSHMAN & WAKEFIELD OF CALIFORNIA, INC. ("CUSHMAN & WAKEFIELD"), INTUITIVE SURGICAL, INC. ("INTUITIVE SURGICAL"), and DOES 1 through 50 inclusive (collectively, "DEFENDANTS") in the State of California during the relevant statutory period to recover penalties arising from DEFENDANTS' failure to provide employees meal and rest periods (or compensation therefore) as required under California law, failure to provide minimum and overtimes wages for all hours worked, failure to timely pay wages during employment, failure to pay wages due upon separation, failure to maintain required records, failure to provide accurate itemized wage statements, and failure to indemnify employees for necessary expenditures and/or losses incurred the discharge of their duties. PLAINTIFF also seeks penalties, interest, attorneys' fees, costs and expenses, and equitable, restitutionary and injunctive relief.

## JURISDICTION AND VENUE

2. The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a citizen and resident of the State of California and DEFENDANTS are citizens and residents of, and/or regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

3. Venue is proper in this judicial district and the County of Santa Clara, California because DEFENDANTS maintain offices and facilities and transact business in the County of Santa Clara, and DEFENDANTS' illegal policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF and other persons similarly situated in the County of Santa Clara.

## PLAINTIFF

4. PLAINTIFF is a citizen and resident of the State of California. In early July 2021,

PLAINTIFF began working for Cushman & Wakefield and Intuitive Surgical as a facilities technician servicing Intuitive Surgical Inc. in Sunnyvale, California. This facility was managed by Cushman & Wakefield. PLAINTIFF was terminated in late July 2021, but at all times material to this complaint was employed by DEFENDANTS in the State of California as a non-exempt employee.

5. PLAINTIFF brings this action on behalf of himself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

## DEFENDANTS

6. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT CUSHMAN & WAKEFIELD is, and at all times relevant hereto was, a California corporation. PLAINTIFF is further informed and believes, and thereon alleges, that CUSHMAN & WAKEFIELD is authorized to and does conduct business in the State of California. Specifically, CUSHMAN & WAKEFIELD maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in the County of Santa Clara, State of California.

7. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT INTUITIVE SURGICAL is, and at all times relevant hereto was, a Delaware corporation. PLAINTIFF is further informed and believes, and thereon alleges, that INTUITIVE SURGICAL is authorized to and does conduct business in the State of California. Specifically, INUITIVE SURGICAL maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in the County of Santa Clara, State of California.

8. The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and

that PLAINTIFF and other CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

9. At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and other CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon alleges, that at all times material to this Complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

10. At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and other CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

11. PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

12. Pursuant to California Labor Code § 558.1, DEFENDANTS and any person acting

on behalf of any of the DEFENDANTS, are liable for violating, or causing to violate, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or Labor Code §§ 203, 226, 226.7, 1193.6, 1994, or 2802.

13. As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

**FACTUAL ALLEGATIONS**

14. Throughout PLAINTIFF's employment, PLAINTIFF and other similarly situated and aggrieved employees were denied off-duty, uninterrupted meal and rest breaks. PLAINTIFF and other similarly situated aggrieved employees were given short meal breaks, provided meal breaks late (after the fifth hour of work for the first meal period and/or after the tenth hour of work for the second meal period), had their meal breaks interrupted, and/or were denied their meal breaks entirely.

15. Similarly, DEFENDANTS consistently failed to authorize and permit PLAINTIFF and other similarly situated and aggrieved employees off-duty rest breaks, including failing to authorize and permit PLAINTIFF and other similarly situated aggrieved employees to take rest breaks in the middle of each work period insofar as practicable.

16. DEFENDANTS did not compensate PLAINTIFF and other similarly situated and aggrieved employees for their missed meal and rest breaks.

17. Further, PLAINTIFF and other similarly situated and aggrieved employees often worked either more than 8 hours per day and/or more than 40 hours per week, but DEFENDANTS did not compensate them for their overtime work.

18. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS' frequently provided non-compliant, inaccurate wage statements and failed to properly maintain records for PLAINTIFF and other similarly situated and aggrieved employees as a result of these unlawful practices. Moreover, DEFENDANTS did not timely pay PLAINTIFF and other similarly situated and aggrieved employees for all hours worked when it failed to pay for the

missed meal and rest break periods, overtime wages, and/or for forcing PLAINTIFF and other similarly situated and aggrieved employees to work off-the-clock without pay.

19. Additionally, PLAINTIFF and other similarly situated and aggrieved employees were forced to pay out of pocket for business expenses such as cell phones, gas, and other employment-related expenses. DEFENDANTS did not indemnify PLAINTIFF and other similarly situated and aggrieved employees for these expenses.

## CLASS ACTION ALLEGATIONS

20. This action is appropriately suited for a Class Action because:

a. The potential class is a significant number. Joinder of all current and former employees individually would be impractical.

b. This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c. PLAINTIFF's claims are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d. PLAINTIFF will fairly and adequately protect the interest of all CLASS MEMBERS because it is in his best interest to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

e. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

\\
\\
\\
\\
\\

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 4-2001, § 11]

(Against all DEFENDANTS)

21. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

22. During the CLASS PERIOD, as part of DEFENDANTS' illegal policies and practices to deprive their current and former non-exempt employees all wages earned and due, DEFENDANTS required, suffered or permitted PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to Labor Code §§ 226.7 and 512 and IWC Order No. 4-2001, § 11.

23. DEFENDANTS further violated Labor Code §§ 226.7 and 512 and IWC Wage Order No. 4-2001, §11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable IWC Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

24. DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 4-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

25. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 4-2001, § 12]

(Against all DEFENDANTS)

26. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

factual allegations in the foregoing paragraphs.

27. At all times relevant herein, as part of DEFENDANTS' illegal policies and practices to deprive their current and former non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under Labor Code § 226.7 and 512, and IWC Wage Order No. 4-2001, § 12.

28. DEFENDANTS further violated Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable IWC Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

29. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 4-2001, § 3]**

**(Against all DEFENDANTS)**

30. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

31. Pursuant to Labor Code §§ 510 and 1194 and IWC Wage Order No. 4-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

32. PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194 and IWC Wage

Order No. 4-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by Labor Code §§ 510, 1194, and IWC Wage Order No. 4-2001, § 3; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

33. In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

34. DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 4-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### FOURTH CAUSE OF ACTION

**Failure to Pay Minimum Wages**

[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 4-2001, § 4]

**(Against all DEFENDANTS)**

35. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

factual allegations in the foregoing paragraphs.

36. Pursuant to California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 4-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

37. During the CLASS PERIOD and in violation of California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 4-2001, § 4, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS the applicable minimum wages for all hours worked in a payroll period by, among other things: requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

38. DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 4-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code § 201, 202, 203]**

**(Against all DEFENDANTS)**

39. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

40. Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  California Labor

Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

41. Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

42. California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

43. During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

44. As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

45. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

## SIXTH CAUSE OF ACTION
**Failure to Maintain Required Records**
**[Cal. Labor Code §§ 226(a), 1174(d); IWC Wage Order No. 4-2001, § 7]**
**(Against all DEFENDANTS)**

46. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

47. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies

and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under Labor Code §§ 226(a) and 1174(d) and IWC Wage Order No. 4-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

48. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code § 226(a), 1174; IWC Wage Order No. 4-2001, § 7]**

**(Against all DEFENDANTS)**

49. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

50. During the CLASS PERIOD, DEFENDANTS routinely failed and continue to fail to provide PLAINTIFF and CLASS MEMBERS with timely and accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, all deductions made, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and only the last four digits of his or her social security number or employee identification number, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in

violation of California Labor Code § 226(a) and IWC Wage Order No. 4-2001, § 7.

51. During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely and accurate itemized wage statements in accordance with Labor Code § 226(a).

52. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

**EIGHTH CAUSE OF ACTION**

**Failure to Indemnify Employees for Necessary Expenditures**

**Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

53. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

54. California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

55. During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

56. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 *et seq*.]

### (Against all DEFENDANTS)

57.	PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

58.	Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 *et seq.*

59.	DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

60.	DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of

Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

61. As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

62. DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

### TENTH CAUSE OF ACTION

**Representative Action for Civil Penalties**

**[Cal. Labor Code §§ 2698–2699.5]**

**(Against All DEFENDANTS)**

63. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs.

64. PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and CLASS MEMBERS.

65. Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF and CLASS MEMBERS seek to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 4-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

66. Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on October 25, 2021 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

67. Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on October 25, 2021 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 4-2001;

4.     For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.     For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.     For waiting time penalties pursuant to California Labor Code § 203;

7.     For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

8.     For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.     For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10.    For declaratory relief;

11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.    For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

13. For such further relief that the Court may deem just and proper.

\\
\\
\\
\\
\\
\\
\\
\\
\\

DATED: December 29, 2021 Respectfully submitted,

MATERN LAW GROUP, PC

By: *[signature]*

Matthew J. Matern
Joshua D. Boxer
Attorneys for Plaintiff
FERNANDO CONRIQUEZ, individually
and on behalf of other persons similarly
situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-18-  CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: December 29, 2021

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: /s/ J. Boxer

Matthew J. Matern
Joshua D. Boxer
Attorneys for Plaintiff
FERNANDO CONRIQUEZ, individually
and on behalf of others similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-19-   CLASS ACTION COMPLAINT